The opinion of the court was delivered by
Bermudez, C. J.
The object of this suit is to recover from the defendant $10,013.50, with 10 per cent, interest from October 2, 1888, less credits amounting to $1006.04.
. The action rests on a judgment obtained by the plaintiff against Abe Katz and Albert Mayer, for the sum claimed, before a competent court in St. Louis, Mo.
It is charged that the debt was a joint and several debt, that the judgment propounded upon, thus recognized it, and that the defendants were accordingly condemned to pay it.
A third party, alleging an interest in the demand, intervened, joining the plaintiff.
Under certain averments the plaintiff obtained an attachment against the defendant.
The defence is non-liability beyond half of the claim; that as the intervenor has an interest, the defendant has a right to plead against him, etc.; but the answer concludes with no prayer against the intervenor.
Prom a judgment decreeing the bank entitled to recover one-half only, rejecting the intervention and dissolving the attachment, the bank and the intervenor appeal, appellee asking no amendment.
The proceedings in which the judgment sued on was rendered by the St. Louis court are in evidence.
The petition declared against the defendants, as the drawers of a note for $10,000, bearing interest, and concluded by praying for judgment against the defendants for that sum and interest.
The note is in the following words and figures:
*1033 “ St. Louis, June 2, 1888.
‘ ‘ Four months after date, for value received, we promise to pay to the order of ourselves $10,000, payable at the Bank of Oommerce, St. Louis, with interest from maturity at the rate of 10 per cent, per annum.
(Signed) “ KATZ & MAYER,
(Endorsed) “ KATZ & MAYER.”
Defendants, although duly summoned and called to come, making default, it was ordered that the petition herein be taken against them as confessed, and thereupon the court found that the defendants are indebted to the plaintiff in the sum of $10,013.50 on account of the instrument of writing upon which the action is founded. Thereupon it was considered that the plaintiff recover of the defendants the debt aforesaid, as found, with interest at the rate of 10 per cent, per annum until paid, and also its costs, etc.
On execution, $1006.04 were realized and credited on the judgment.
There is nothing to show on the face of the judgment that the defendants in the case were condemned jointly and severally to pay the amount claimed, and a reference to the petition does not establish that they were asked to be condemned thus to pay.
The notes apparently are a joint obligation. The judgment does not say that the defendants in the case are commercial partners, liable each one for tlie entirety of the debt. The signature is that, of a firm, but it may be that such firm is one, the partners of which are ordinary partners, not bound severally, but jointly only. R. C. O. 2872. Solidarity is never presumed.
We have been referred to no authority from Missouri to show that such a judgment would be there construed as a joint and several judgment against the defendants.
Under our system it surely does not amount to a judgment in solido, and can be enforced only as a joint judgment, by which the defendant now sued can be subjected to payment of half only of it.
The interest of the intervenor is recognized by the answer and established by the admission of the bank to the extent of the $6000 claimed with interest. Judgment should go accordingly.
It would serve no useful purpose to determine at the present stage whether the attachment was or not legally issued. No seizure was. *1034 made under it. By execution under the judgment herein any property of the defendant in this State can be subjected.
It is therefore ordered and decreed that the judgment appealed from be amended by recognizing the rights claimed by the intervenor, Irwin, and that thus amended it be affirmed, at the cost of appellees in both courts.